**BOWLES, Price Administrator, v. KENOSHA LIQUOR CO.**

No. 8976.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1946.

Frank J. Shannon, of Kenosha, Wis. for appellant.

Amos Coffman and George Leonard, OPA, both of Chicago, Ill., Lee X. Beznor, OPA, of Milwaukee, Wis., Milton Klein, David London, OPA, Irving M. Gruber, OPA, and George Moncharsh, Deputy Administrator for Enforcement, all of Washington, D. C. (Lee K. Beznor, Dist. Enforcement Atty., OPA, of Milwaukee, Wis., of counsel), for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is an action by the appellee Administrator of the Office of Price Administration against the appellant to recover triple damages for sale of liquor at overceiling prices. The District Court found for the appellee and assessed the damages at double the amount of the over-charges and entered judgment accordingly. From this judgment, the appellant appealed.

The only question presented on this appeal is whether the evidence supports the Court's findings. The appellant was a wholesale liquor dealer in Kenosha, Wisconsin. In June, 1943, it bought seventy cases of Bourbon and thirty cases of Rye whiskey labeled Cream of the County, 86 proof straight whiskey, five and one-half year old, and thereafter sold eighty-five and one-half cases of it at $3.33 a bottle.

This brand of whiskey had never been heard of before and has not been heard of since. Where it was made and by whom does not appear. The appellant had never sold that whiskey before; hence it had no record of sales in March, 1942, to fix the ceiling price under the regulations promulgated by the Administrator. It was necessary then to fix the ceiling price at the most similar brand sold and delivered by the defendant in March, 1942. Section 1499.2(a) of General Maximum Price Regulation. The appellant decided the most similar brand it sold in March, 1942, was Schenley's Ancient Age, 86 proof, eight

year old, which had been sold by defendant in March, 1942 for $3.08 per bottle. Although the appellant chose this as the most similar brand sold in March, 1942, and hence the brand to fix the ceiling price for the sales in question, it will be noted that appellant sold the liquor above the ceiling price fixed by the brand it had chosen as the most similar brand sold and delivered in March, 1942.

Judge Duffy found that the most similar brand was Schenley's Ancient Age, 86 proof, five year old, straight whiskey which appellant had sold in March, 1942, for $2.00 per bottle. This finding of Judge Duffy is supported by the ante-trial statement of Mr. Leo Orth. In his ante-trial statement, Mr. Orth produced plaintiff's Exhibit No. 2 which he identified as the defendant's price list for whiskey sold in March, 1942. On his ante-trial statement, Orth was asked this question:

"Q. All these selling prices which appear in this selling price list can be substantiated by your March, 1942, invoices, is that correct? A. Yes."

The March invoices were identified and introduced in evidence on Orth's ante-trial examination as plaintiff's Exhibit No. 1. Plaintiff's Exhibit No. 1 is not in the record. We therefore presume that if the invoices were in the record, they would support Mr. Orth's statement. This was ample evidence from which Judge Duffy might find that the most similar brand sold and delivered by defendant in March, 1942, was Schenley's Ancient Age, 86 proof, five year old, which whiskey was sold for $2.00 a bottle. True, the defendant equivocated a bit on the trial as to his knowledge about these facts, and was not as clear on the trial as he was on his ante-trial statement, although he did not repudiate his ante-trial statement or ask to correct it. Judge Duffy had the right to choose which of these two stories he would believe. Apparently he believed the clear statement of Mr. Orth on his ante-trial examination supported by plaintiff's Exhibits No. 1 and 2.

The District Court found the appellant had failed to show that the over-charges were neither wilful nor the result of failure to take practical precautions against the occurrence of over-charges. This is the so-called Chandler defense. 50 U.S. C.A.Appendix, § 925(e).

We are not authorized to set aside the findings of the District Court unless they are clearly erroneous. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c. Bowles v. Lentin, 7 Cir., 151 F.2d 615, 620. We have examined the record and we are satisfied that the findings of the District Court are not clearly erroneous. On the contrary, each of said findings is supported by ample evidence in the record.

The judgment of the District Court is affirmed.